IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| COREY BURLEY | § | |
| v. | § | CIVIL ACTION NO. 6:17cv528 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Corey Burley, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Burley's petition challenged a disciplinary case he received for possession of a cell phone on February 10, 2017. He was found guilty and received 45 days of cell, commissary, and telephone restrictions, 15 days of solitary confinement, a reduction in classification status from State Approved Trusty III to Line Class I, and the loss of 300 days of good time credits. Burley acknowledged that he is serving a life sentence and is not eligible for release on mandatory supervision.

In his federal habeas petition, Burley asserted that he received ineffective assistance from his counsel substitute, the disciplinary hearing officer lacked jurisdiction because possession of a cell phone in a correctional institution is a felony under Texas law, he was denied his rights under the Sixth Amendment, and the evidence was insufficient to sustain a finding of guilt. He argued that double jeopardy has attached, barring a re-trial.

1

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that Burley's petition be dismissed because Burley failed to show the deprivation of a constitutionally protected liberty interest. The Magistrate Judge further recommended that Burley be denied a certificate of appealability *sua sponte*. In a footnote, the Magistrate Judge observed that prison disciplinary proceedings are not criminal prosecutions, meaning that Burley has no right to counsel at a disciplinary proceeding, the prohibitions against double jeopardy do not apply, and Burley does not have the right to a jury trial.

## III. Burley's Objections to the Report

In his objections to the Magistrate Judge's Report, Burley argues that when he becomes eligible for parole, the Parole Board will take into consideration the seriousness of the charge in this case. He contends that the loss of good time affects his parole and the offense itself could give rise to an unfavorable recommendation upon parole review. If denied parole, he would have to serve a year of incarceration at a minimum. Burley argues that these facts show an atypical or significant hardship in relation to the ordinary incidents of prison life, thus implicating a constitutionally protected liberty interest.

The Magistrate Judge correctly determined that Burley has no constitutionally protected right to or expectancy of release on parole under the laws of the State of Texas. *Allison v. Kyle*, 66 F.3d 71, 74 (1995). As a result, Burley has no more than a "mere hope" of release on parole, which is not protected by due process. *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993). The fact that this disciplinary case could have an effect upon his possible parole release does not amount to an atypical or significant hardship in relation to the ordinary incidents of prison life, nor does it implicate a constitutionally protected liberty interest. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Burley's objection on this ground is without merit.

Burley also contends that the evidence is insufficient to support his disciplinary conviction. The Fifth Circuit has held that claims of insufficient evidence to support a disciplinary violation are

not constitutionally cognizable absent a showing that a liberty interest has been implicated. *Hall v. Sanchez*, 575 F.App'x 291, 2014 U.S. App. LEXIS 13197, 2014 WL 3378293 (5th Cir., July 11, 2014). Because Burley did not show that a constitutionally protected liberty interest had been infringed, his claim concerning the sufficiency of the evidence lacks merit.

Burley also argues that the Sixth Amendment's right to counsel attaches at the initiation of adversary judicial criminal proceedings and the prison officials did not have jurisdiction to try him on criminal charges. These claims are also foreclosed by the fact that Burley did not show the violation of any constitutionally protected liberty interests.

Furthermore, these claims lack merit on their face. Prison disciplinary hearings are not adversary judicial criminal proceedings. The Supreme Court has stated that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Neither the Double Jeopardy Clause nor the right to appointment of counsel are applicable in prison disciplinary cases. *Id*. at 566, 570.

Burley contends that the "charging instrument," which was the disciplinary charge, alleged that he "did possess a cell phone, a felony as defined by the laws of the State of Texas and in violation of Texas Penal Code 38.11 - prohibited substances and items in correctional facility." (Docket no. 1, p, 11). This disciplinary charge is not equivalent to a criminal indictment and did not give rise to the full panoply of rights in a criminal prosecution. It set out a violation of the TDCJ-CID disciplinary rules and Burley received a hearing and punishment in accordance with these rules.[1]

Burley makes no showing that the prison officials tried him on criminal charges; rather, he asserts that he was tried on disciplinary charges, which are not criminal charges. The Fifth Circuit

---

[1]TDCJ-CID Disciplinary Rule 10.0 prohibits acts defined as a felony by the laws of the State of Texas or the United States, and specifies that specific reference shall be made in the disciplinary report to the statute in question. *See* Texas Department of Criminal Justice, Disciplinary Rules and Procedures for Offenders (February 2015).

has explained that prison disciplinary proceedings do not bar future criminal prosecutions for the same conduct for purposes of the Double Jeopardy Clause. *United States v. Galan*, 82 F.3d 639, 640 (5th Cir. 1996). His objections are without merit.

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 5) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Corley Burley is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **26** day of **February, 2018.**

_____
Ron Clark, United States District Judge